# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20194-CR-LENARD

**UNITED STATES OF AMERICA,**

**v.**

**TARAHRICK TERRY,**

    Defendant.
_____/

## ORDER DENYING MOTION TO IMPOSE A REDUCED SENTENCE UNDER THE FIRST STEP ACT (D.E. 47)

**THIS CAUSE** is before the Court on Defendant Tarahrick Terry's Motion to Impose a Reduced Sentence Under the First Step Act, ("Motion," D.E. 47), filed December 6, 2019. The Government filed a Response on December 26, 2019, ("Response," D.E. 52), to which Defendant filed a Reply on January 9, 2020, ("Reply," D.E. 55). Upon review of the Motion, Response, Reply, and the record, the Court finds as follows.

**I.     Relevant Background**

On March 11, 2008, a Grand Jury sitting in the Southern District of Florida returned an Indictment charging Defendant with:

- Count I: being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1);

- Count II: possessing with the intent to distribute an unspecified amount of cocaine base (or "crack cocaine"), in violation of 21 U.S.C. § 841(b)(1)(C); and

- <u>Count III</u>: possessing a firearm in furtherance of a drug trafficking crime—specifically, the crime charged in Count II—in violation of 18 U.S.C. § 924(c)(1)(A).

(Indictment, D.E. 7.) Prior to trial, the Government filed and served upon Defendant an Information pursuant to 21 U.S.C. § 851[1] stating that it intended to seek an enhanced statutory penalty under Section 841 based upon a prior state court conviction for a felony drug offense. (D.E. 25.)

On September 22, 2008, Movant pled guilty to Count II of the Indictment pursuant to a written Plea Agreement. (Plea Agreement, D.E. 30 ¶ 1; Change of Plea H'rg Tr., D.E. 36.) In exchange, the Government agreed to dismiss Counts I and III of the Indictment. (<u>See</u> Plea Agreement ¶ 2.) The Court accepted the plea and adjudicated Defendant guilty of Count II. (Change of Plea Hr'g Tr. at 26:12-14.)

The United States Probation Office issued a revised Presentence Investigation Report ("PSR")[2] reflecting that Defendant was adjudicated guilty in Count II of

---

[1] Section 851 provides, in relevant part: "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. . . ." 21 U.S.C. § 851(a)(1).

[2] Prior to the Sentencing Hearing, the Probation Office issued a PSR that did not reflect an adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. (<u>See</u> Sentencing Hr'g Tr. at 3:8 – 4:6.) On November 26, 2008, Defendant objected to that draft of the PSR on the ground that he was entitled to the acceptance of responsibility adjustment. (D.E. 31.) At the Sentencing Hearing, defense counsel informed the Court that all Parties agreed that Defendant was entitled to the acceptance of responsibility adjustment. (<u>See</u> Sentencing Hr'g Tr. at 3:17-24.) The Government also made the motion for the third level off under 3E1.1, which the Court granted and ordered the Probation Office to modify the PSR to reflect the three levels off under 3E1.1,

"possession with intent to distribute a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(C)."³ (PSR ¶ 1.) The revised PSR indicated that a conviction under Section 841(b)(1)(C) with the Section 851 enhancement carried a statutory penalty of 0 to 30 years' imprisonment, and at least six years' supervised release. (Id. ¶¶ 80, 82.) The revised PSR also found that Defendant qualified as a Career Offender under U.S.S.G. § 4B1.1. (Id. ¶ 24). Ultimately, the revised PSR found that Defendant's total offense level was 31, (id. ¶ 27), and that he had a criminal history category of VI, (id. ¶ 39), equating to a guideline imprisonment range of 188 to 245 months, (id. ¶ 81).

On December 1, 2008, the Court adopted the factual findings and guideline applications contained in the revised PSR and sentenced Defendant to the low end of the guideline range—188 months' imprisonment, to be followed by six years' supervised release. (Id. at 12:7-21.) The Court entered a written Judgment on December 3, 2008. (D.E. 33.) Defendant did not appeal his conviction and sentence.

On August 21, 2019, Movant filed a Motion to Appoint Counsel to assist him with a motion under the First Step Act. (D.E. 44.) On October 3, 2019, the Court issued an Order appointing the Federal Public Defender, (D.E. 45); on November 27, 2019, the Court specifically ordered attorney Raymond D'Arsey Houlihan, III to contact Defendant regarding a possible motion under the First Step Act, (D.E. 46). On December 6, 2019,

---

which resulted in a total offense level of 31. (Id. at 4:3-9.) For simplicity, the Court will discuss only the revised PSR.

³   The revised PSR found that Defendant was accountable for 3.9 grams of cocaine base. (Id. ¶ 18.)

3

Defendant, through counsel, filed the instant Motion to Impose a Reduced Sentence Under the First Step Act. (D.E. 47.)

## II.     Discussion

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment" and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)[4]); see also United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003) ("Congress has allowed for limited exceptions to the rule of finality . . . ."). Specifically, a federal "court may not modify a term of imprisonment once it has been imposed except" in the three circumstances defined by Congress in 18 U.S.C. § 3582(c).[5] See United States v. Maiello, 805 F.3d 992, 999 (11th Cir. 2015) ("[A] court may only modify a sentence (once it is final) when limited exceptions apply. 18 U.S.C. § 3582(c). That is, courts only

---

[4] Section 3582(b) provides: "Notwithstanding the fact that a sentence to imprisonment can subsequently be--(1) modified pursuant to the provisions of subsection (c); (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742; a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."

[5] The three circumstances in which a court may modify a sentence of imprisonment are:

> (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, see 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, see id. § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, see id. § 3582(c)(2)."

United States v. Phillips, 597 F.3d at 1195.

have the authority to reduce a sentence which is part of a final judgment because Congress placed that authority in the hands of the judiciary in the first place."); United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute.").

Relevant here, Section 3582(c)(1)(B) authorizes a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." In this regard, under Section 404(b) of the First Step Act of 2018, the Court may "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194.  Under Section 404(a), a "'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." Id.[6]

Section 2 of the Fair Sentencing Act modified the statutory penalties under 21 U.S.C. §§ 841(b)(1)(A) & (B).[7]  See Pub. L. No. 111-220.  Specifically, prior to the Fair Sentencing Act—and at the time of Defendant's sentencing—Section 841(b)(1)(A)

---

[6] Under Section 404(c), "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." Pub. L. No. 115-391; 132 Stat. 5194. The Court has not previously imposed or reduced Defendant's sentence pursuant to the amendments contained in Sections 2 and 3 of the Fair Sentencing Act, and Defendant has not previously made a motion to reduce his sentence under the First Step Act.

[7] Section 3 of the Fair Sentencing Act eliminated the mandatory minimum sentence for simple possession of crack cocaine under 21 U.S.C. § 844(a). See Pub. L. No. 111-220.

5

provided, in relevant part, that any person who violates Section 841(a) in a case involving 50 grams or more of cocaine base:

> shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life. . . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . . [A]ny sentence under this subparagraph shall . . . if there was such a prior conviction, impose a term of supervised release of at least 10 years in addition to such term of imprisonment.

21 U.S.C. § 841(b)(1)(A)(iii) (2007). The Fair Sentencing Act increased the threshold amount of cocaine base to trigger the 10-year mandatory minimum sentence in Section 841(b)(1)(A)(iii) from 50 grams to 280 grams. See United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), abrogated on other grounds by Dorsey v. United States, 567 U.S. 260, 280-81 (2012).

Similarly, prior to the Fair Sentencing Act—and at the time of Defendant's sentencing—Section 841(b)(1)(B) provided, in relevant part, that any person who violates Section 841(a) in a case involving 5 grams or more of cocaine base:

> shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years. . . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment. . . . Any sentence imposed under this subparagraph shall . . . if there was such a prior conviction, include a term of supervised release of at least 8 years in addition to such term of imprisonment.

21 U.S.C. § 841(b)(1)(B)(iii) (2007). The Fair Sentencing Act increased the threshold amount of cocaine base to trigger the 5-year mandatory minimum sentence in Section 841(b)(1)(B)(iii) from 5 grams to 28 grams. See Gomes, 621 F.3d at 1346.

Notwithstanding the changes to the mandatory minimums, with a prior conviction for a felony drug offense that has become final, the statutory maximum for both Sections 841(b)(1)(A) and (B) remained at life imprisonment.

Finally, at the time of Defendant's sentencing, Section 841(b)(1)(C) provided, in relevant part, that in a case involving a Schedule II controlled substance,

> such person shall be sentenced to a term of imprisonment of not more than 20 years . . . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years . . . and shall, if there was such a prior conviction, impose a term of supervised release of at least 6 years in addition to such term of imprisonment.

21 U.S.C. § 841(b)(1)(C) (2007). "Crack cocaine is a schedule II drug, see 21 U.S.C. § 812(c), and is therefore punishable under section 841(b)(1)(C)[.]" United States v. Rogers, 228 F.3d 1318, 1328 n.17 (11th Cir. 2000), abrogated on other grounds by United States v. Sanchez, 269 F.3d 1250 (11th Cir. 2001). The Fair Sentencing Act of 2010 did not modify the statutory language of Section 841(b)(1)(C). See Pub. Law. 111-220; 124 Stat. 2372.

Defendant argues that Section 2 of the Fair Sentencing Act of 2010 necessarily modified the penalties under Section 841(b)(1)(C) by virtue of modifying Sections 841(b)(1)(A) & (B). (Mot. at 3.) Specifically, he argues that because Section 2 of the Fair Sentencing Act increased the threshold amount of crack cocaine to trigger the mandatory minimum in Section 841(b)(1)(B)(iii) from 5 grams to 28 grams, it modified Section 841(b)(1)(C) to apply to offenses "involv[ing] less than 28 grams or an unspecified amount

7

of crack cocaine[.]" (Id.)  And because he committed his offense prior to August 3, 2010, he argues that he committed a "covered offense" under the First Step Act. (Id. at 4-6.)

The Government argues that Defendant is not entitled to relief under the First Step Act because he did not commit a "covered offense" as that term is defined by the First Step Act. (Resp. at 3.) Specifically, it argues that the Fair Sentencing Act of 2010 did not modify the statutory penalties under 21 U.S.C. § 841(b)(1)(C). (Resp. at 3.)

The Court agrees with the Government—Defendant is not entitled to relief under the First Step Act because he did not commit a "covered offense" as that term is defined by the First Step Act. Under Section 404(a), a "'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." Pub. L. No. 115-391, 132 Stat. 5194.  Both Parties agree that Defendant was sentenced under 21 U.S.C. § 841(b)(1)(C). (Mot. at 3; Resp. at 3-4; Reply at 1.) Neither Section 2 nor Section 3 of the Fair Sentencing Act modified the statutory penalties under 21 U.S.C. § 841(b)(1)(C). United States v. Foley, __ F. App'x __, 2020 WL 104349, at *1 (11th Cir. Jan. 9, 2020) ("Sections 2 and 3 of the Fair Sentencing Act modified 21 U.S.C. §§ 841(b)(1)(A)(iii), 841(b)(1)(B)(iii), 844(a), 960(b)(1)(C), and 960(b)(2)(C)—but, importantly here, not § 841(b)(1)(C)."). Consequently, Defendant was not convicted and sentenced for a "covered offense" within the meaning of the First Step Act, and he is therefore not entitled to a reduction of sentence under the Act. United States v. Beltran, Case No: 2:08-cr-88-FtM-29MRM, 2019 WL 6044899, at *2 (M.D. Fla. Nov. 15, 2019) ("Since the § 841(b)(1)(C) penalty was not modified, defendant's offenses of conviction

are not a 'covered drug offense,' and defendant is not eligible for a reduced sentence under the First Step Act.").

### III. Conclusion

Accordingly, it is **ORDERED AND ADJDUGED** that Defendant's Motion to Impose a Reduced Sentence Under the First Step Act is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 27th day of January, 2020.

                                        **JOAN A. LENARD**
                                        **UNITED STATES DISTRICT JUDGE**